**STATE of Oklahoma ex rel. OKLAHOMA BAR ASSOCIATION,**
Complainant,

v.

**David N. O'BRIEN, Respondent.**

SCBD No. 2782.

Supreme Court of Oklahoma.

May 27, 1980.

Doyle W. Argo, Gen. Counsel, Oklahoma Bar Ass'n, Oklahoma City, for complainant.

HODGES, Justice.

This proceeding was initiated by Betty J. Jones, the aunt of George R. Fuller, a convicted felon, because of the failure of the attorney, David N. O'Brien, to communicate with his client concerning Fuller's representation.

O'Brien had accepted $500.00 of a proposed $1,000.00 fee for representing Fuller in an action for post-conviction relief. O'Brien sought relief before the district court and the Court of Criminal Appeals, both of which denied the application. However, O'Brien failed to notify Fuller's relatives of the denials, and they were forced to hire other counsel and pay for the preparation of another transcript.

A complaint was filed with the Bar Association by Betty J. Jones, alleging that O'Brien neglected a legal matter entrusted to him; failed to seek the lawful objectives of his client through reasonably available

means; and failed to carry out the contract of employment entered into with the client for professional services, thereby violating Canons 6 and 7.

The trial authority was unable to locate O'Brien, and the hearing was held in his absence.[1] Although the testimony was somewhat vague as to what O'Brien told the client about "filing something," at the conclusion of the hearing the trial authority found that: 1) No evidence was presented that he neglected legal matters entrusted to him because he performed the work he contracted to do, 2) O'Brien was grossly negligent in failing to keep his client advised and that disciplinary action should be taken on the basis of negligence in keeping his client properly advised. The trial authority recommended suspension from the practice of law or such other action as the court deemed proper.

This Court has often held that the primary purpose of disciplinary proceedings is not to punish the attorney, but to protect the public.[2] The public cannot be protected if the attorney does not communicate with his client, and moves from his office without leaving a forwarding address or notifying the Bar Association of his change of address. The failure of the lawyer to advise the client of the status of the case resulted in her incurring the additional expenses of hiring another lawyer and purchasing another transcript. Even though the lawyer finished the work he was employed to perform, it was ineffectual because of the failure to advise his client.

Although the Code of Professional Responsibility does not contain a specific provision concerning the failure of a lawyer to communicate with his client,[3] other jurisdictions with similar codes have held a lawyer's failure to communicate with his clients and refusal to respond to their inquiries is professionally unethical.[4]

The complainant Bar Association asserts that had it been able to locate the lawyer the complaint could have been disposed of initially with no further action. The fact that he was inaccessible to not only his client, but to the Bar Association aggravated the situation. It is imperative that the Bar Association maintain a current address for its membership, and it is the duty of every member of the Bar to promptly notify the Association when a change of address occurs. Otherwise, matters such as this cannot be satisfactorily dealt with. The public is thus left unprotected and the Association paralyzed when it cannot help the client to locate the attorney.

We find that the respondent, David N. O'Brien, should receive a public reprimand and be taxed with all costs of this proceeding. Unless the costs are paid within thirty days, the respondent shall be suspended from the practice of law in the State of Oklahoma.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

OPALA, J., not participating.

---

1. This Court was unable to locate him to order that he respond on appeal.

2. *State v. Hall,* 567 P.2d 975 (Okl.1977).

3. The Rules of the Oklahoma Bar Association, 5 O.S.1971, Ch. 1, App. 1, Art. 9, § 2 provides: "The enumeration herein of certain categories of misconduct as grounds for discipline shall not be all-inclusive nor shall the failure to specify any particular act of misconduct be a tolerance thereof by this Court."

4. *Spindell v. State,* 13 Cal.3d 253, 118 Cal.Rptr. 480, 530 P.2d 168, 173 (1975); *In re Trask,* 53 Hawaii 165, 488 P.2d 1167, 1170 (1971). See also Annot., "Failure to Communicate With Client As Basis For Disciplinary Action Against Attorney," 80 A.L.R.3d 1240 (1977).